## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE VESSAL ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.** |
| vs. ) | |
| ) | |
| ER SOLUTIONS, INC. ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* and other common law claims.   These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. **PARTIES**

3.  Plaintiff Michele Vessal is an adult individual residing at 115 N. Orianna Street, Philadelphia, PA 19106.

4.  Defendant ER Solutions, Incorporated ("Defendant") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 500 SW 7th Street, #A-100, Renton, WA 98057. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

### IV. **FACTUAL ALLEGATIONS**

5.  At all times pertinent hereto, Defendant was hired by Dell Financial to collect a debt relating to consumer credit purchases that were allegedly originally owed to Dell Financial by a consumer other then Plaintiff (hereafter the "debt").

7.  The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8.  In or about October 2008, Defendant began contacting Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. Defendant contacted Plaintiff looking for "Sarah Fuender" to collect a debt. Plaintiff informed Defendant that she was not Sarah Fuender and that Ms. Fuender did not live at that phone number. Plaintiff asked Defendant to please stop calling.

9.  Throughout the month of October, Plaintiff repeatedly asked Defendant not to call her at least ten (10) times. Defendant continuously told Plaintiff that her number would be

removed from the call list but the calls never ceased, including numerous occasions when Defendant would call Plaintiff multiple times in one day

10.     Notwithstanding the above, on many of these occasions when Defendant's representatives spoke to Plaintiff, they were rude, impolite and harassing.

11.     Notwithstanding the above, on or about December 30, 2008, Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

12.     Notwithstanding the above, on or about January 6, 2009 Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

13.     Notwithstanding the above, on or about January 8, 2009, Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

14.     Notwithstanding the above, on or about January 22, 2009 Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

15.     The Defendant acted in a false, deceptive, misleading and unfair manner by contacting Plaintiff, a non debtor, on multiple occasions after Plaintiff advised Defendant that she was not who they were looking for.

16.     The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with Plaintiff, a person other than the debtor, for a purpose other than to acquire location information about the debtor.

3

17.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

18.     Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

19.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

20.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21.     As a result of Defendant's conduct, Plaintiff have sustained actual damages, including, but not limited to, injury to Plaintiff' reputation, invasion of privacy, damage to Plaintiff' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## V. FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA

22.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

4

24.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25.     The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

26.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b, 1692b(3), 1692c(b), 1692d, 1692e(10), and 1692f as evidenced by the following conduct:

      (a)    Communicating with any person other than the consumer for the purpose other than to acquire location information on the debtor;

      (b)    Communicating with any person other than the debtor on more than one occasion;

      (c)    Engaging in conduct the natural consequence which is to harass, oppress or abuse and person in connection with the collection of a debt;

      (d)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer; and

      (e)    The use of unfair or unconscionable means to collect or attempt to collect any debt.

27.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

28.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

(b)     That an order be entered enjoining Defendant from continuing to communicate with Plaintiff in violation of the FDCPA;

(c)     That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d)     That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f)     That the Court grant such other and further relief as may be just and proper.

## VI.  SECOND CLAIM FOR RELIEF – VIOLATIONS OF THE FCEUA AND UTPCPL

29.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.     Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

31.     Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

32.     The above contacts by Defendant are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

33.     Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the

FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a)     Communicating with any person other than the consumer for the purpose other than to acquire location information about the debtor;

(b)     Communicating with any person other than the debtor on more than one occasion;

(c)     Engaging in conduct the natural consequence which is to harass, oppress or abuse and person in connection with the collection of a debt;

(d)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer; and

(e) The use of unfair or unconscionable means to collect or attempt to collect any debt.

34.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

35.     As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

## VII.    THIRD CLAIM FOR RELIEF-INVASION OF PRIVACY

36.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.    Defendant's continuously and repeatedly contacting Plaintiff, a non debtor, at Plaintiff's place of residence constitutes an invasion of privacy.

38.    As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon, attorney's fees and costs of suit.

## VIII.    FOURTH CLAIM FOR RELIEF- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40.    As a result of Defendant's reckless and intentional conduct, Plaintiff sustained physical injury as well as mental distress as more fully outlined above.

41.    Due to the reckless and intentional conduct of the Defendant, it was foreseeable that Plaintiff would suffer severe emotional distress, harm to her physical and psychological well-being and physical harm to the present day, as fully outlined above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon, attorney's fees and costs of suit.

8

## IX.  <u>JURY TRIAL DEMAND</u>

42.     Plaintiff demands trial by jury on all issues so triable.


**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY:     */s/ Mark D. Mailman*
        MARK D. MAILMAN, ESQUIRE
        JOHN SOUMILAS, ESQUIRE
        GEOFFREY H. BASKERVILLE, ESQUIRE
        Attorneys for Plaintiff
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600


DATE: October 16, 2009