IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELE VESSAL | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-4756 |
| vs. | ) | |
| | ) | |
| ER SOLUTIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereafter the "FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1 *et seq*. (hereafter the "FCEUA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq*., (hereafter the "UTPCPL"), the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (hereafter the "TCPA"), and other common law claims. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. **PARTIES**

4.  Plaintiff Michele Vessal is an adult individual residing at 115 N. Orianna Street, Philadelphia, PA 19106.

5.  Defendant ER Solutions, Incorporated ("Defendant") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 500 SW 7th Street, #A-100, Renton, WA 98057. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

### IV. **FACTUAL ALLEGATIONS**

6.  At all times pertinent hereto, Defendant was hired by Dell Financial to collect a debt relating to consumer credit purchases that were allegedly originally owed to Dell Financial by a consumer other than Plaintiff (hereafter the "debt").

7.  The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8.  In or about October 2008, Defendant began contacting Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. Defendant contacted Plaintiff looking for "Sarah Fuender" to collect the debt. Plaintiff informed Defendant that she was not Sarah Fuender and that Ms. Fuender did not live at that phone number. Plaintiff asked Defendant to please stop calling. Despite knowing that they were calling the wrong number and that Plaintiff requested it stop calling, Defendant's collectors continued to call and dun Plaintiff concerning the debt.

9.  Throughout the month of October, Plaintiff repeatedly asked Defendant not to call her, including on at least ten (10) occasions. Defendant continuously told Plaintiff that her

number would be removed from the call list but the calls never ceased, including numerous occasions when Defendant would call Plaintiff multiple times in one day.  These calls were particularly upsetting to Plaintiff because the calls would wake her baby from its naps.  After being awakened in such an abrupt manner, her child would cry inconsolably and not fall back to sleep.

10.    More specifically, Plaintiff recalls calling Defendant on at least ten (10) occasions and asking to speak with a supervisor.  On each of these occasions, Plaintiff informed Defendant that she was not Sarah Fuender, that Sarah Fuender did not live at this number and requested that Defendant stop calling.  Plaintiff spoke to several different supervisors, who told her that they would remove her name from the "call list."  On many of these occasions, however, Defendant's representatives were rude, impolite, harassing and, on one occasion swore at Plaintiff.

11.    Notwithstanding the above, throughout this period Defendant made numerous calls to Plaintiff's residence using an automated dialing system with an automated, prerecorded voice in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such person contacted.  During these calls an automated, prerecorded voice would instruct Plaintiff to either wait for a representative or push a button to get a representative on the line.

12.    Many other consumers have had similar experiences with Defendant calling them concerning other consumers' debts using both live and automated prerecorded voice calls. Information concerning the complaints made by these consumers in publicly available, including on the internet.

13.    Notwithstanding the above, Defendant continued to call Plaintiff at her residence using both automated and non-automated methods, in an attempt to coerce payment of the debt

with the intent to annoy, abuse, and harass such persons contacted throughout the months of November and December 2008, including on or about December 30, 2008. These calls caused Plaintiff a growing sense of anger, frustration and anxiety due to the frequency of the calls and the fact that the calls continued to wake her baby from its naps. Additionally, Plaintiff suffered a loss of sleep because of Defendant's repeated calling. Near the end of December 2008, Defendant also began making numerous calls, both automated using a prerecorded voice and non-automated, to Plaintiff's cell phone.

14. Notwithstanding the above, on or about January 6, 2009 Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

15. Notwithstanding the above, on or about January 8, 2009, Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

16. Notwithstanding the above, on or about January 22, 2009 Defendant contacted Plaintiff in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

17. The Defendant acted in a false, deceptive, misleading and unfair manner by contacting Plaintiff, a non debtor, on multiple occasions after Plaintiff advised Defendant that she was not who they were looking for.

18. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with Plaintiff, a person other than the debtor, for a purpose other than to acquire location information about the debtor.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

20. Defendant knew or should have known that their actions violated the FDCPA, the FCEUA, the UTPCPL and the TCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, the FCEUA, the UTPCPL and the TCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, physical, emotional and mental pain and anguish and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## V. FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27. The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

28. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b, 1692b(3), 1692d, and 1692f as evidenced by the following conduct:

    (a) Communicating with any person other than the consumer for the purpose other than to acquire location information on the debtor;

    (b) Communicating with any person other than the debtor on more than one occasion;

    (c) Engaging in conduct the natural consequence which is to harass, oppress or abuse and person in connection with the collection of a debt; and

    (d) The use of unfair or unconscionable means to collect or attempt to collect any debt.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

    (b) That judgment be entered against Defendant for actual damages pursuant

to 15 U.S.C. § 1692k(a)(2)(A);

  (c)  That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  (d)  That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF – VIOLATIONS OF THE FCEUA

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

33. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

34. The above contacts by Defendant are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

35. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

  (a)  Communicating with any person other than the consumer for the purpose other than to acquire location information about the debtor;

  (b)  Communicating with any person other than the debtor on more than one occasion;

  (c)  Engaging in conduct the natural consequence which is to harass, oppress or abuse and person in connection with the collection of a debt; and

(d)   The use of unfair or unconscionable means to collect or attempt to collect any debt.

36.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

37.   As a result of the above violations of the FCEUA Plaintiff is entitled to an award of statutory, actual and punitive damages.

## VII.   THIRD CLAIM FOR RELIEF- VIOLATION OF THE UTPCPL

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39.   Plaintiff avers that she will prove one or more violations of the FCEUA.

40.   Violation of the FCEUA constitutes a violation of the UTPCPL.

41.   As a remedy for violation of the UTPCPL, Plaintiff seeks an award of statutory damages, actual damages, treble damages and attorneys' fees and costs.

## VIII.   FOURTH CLAIM FOR RELIEF- VIOLATION OF THE TCPA

42.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.     Defendant made multiple automated telephone calls using a prerecorded voice to Plaintiff concerning a debt that Plaintiff does not owe, even after Defendant was clearly and repeatedly advised by Plaintiff that she did not owe the debt, a fact that several of Defendant's employees/collectors acknowledged.

44.     Defendant initiated these automated calls to Plaintiff using an automated telephone dialing system that had the capacity to store or produce telephone numbers using random or sequential number generation.

45.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to, violations of 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(b)(1)(iii), 47 U.S.C. § 227(d)(1)(A) and 47 C.F.R.§ 64.1200 *et seq.* as evidenced by the following conduct:

(a) initiating telephone calls to Plaintiff's residential telephone line using artificial or prerecorded voices to deliver messages without Plaintiff's consent;

(b) initiating telephone calls to Plaintiff's cellular telephone line using artificial or prerecorded voices to deliver messages without Plaintiff's consent; and

(c) initiating telephone calls to Plaintiff using an automated telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA.

46.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

47.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense legal justification or legal excuse.

48.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     An order directing that Defendant immediately cease and desist from calling Plaintiff using any automated telephone dialing system and any system that uses an automated prerecorded voice pursuant to 47 U.S.C. § 227(b)(3)(A);

(b)     That judgment be entered against Defendant for actual damages pursuant to 47 U.S.C. § 227(b)(3)(B);

(c)     That judgment be entered against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B);

(d)     That the Court award treble damages for Defendant's willful and knowing violations of the TCPA pursuant to 47 U.S.C. §227(b)(3); and

(e)     That the Court grant such other and further relief as may be just and proper.

### IX.     **FIFTH CLAIM FOR RELIEF-INVASION OF PRIVACY**

49.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50.     Defendant's continuously and repeatedly contacting Plaintiff, a non debtor, at Plaintiff's place of residence constitutes an invasion of privacy.

51.     More specifically, Defendant intruded upon Plaintiff's solitude and seclusion by continuing to contact Plaintiff on an almost daily basis over the course of several months concerning the debt (which Plaintiff did not owe) after having been advised by Plaintiff on at least ten (10) occasions that Plaintiff was not the debtor.  Defendant's conduct disrupted Plaintiff's daily life causing her significant anxiety, frustration and stress.  By way of example, Defendants continuously and repeatedly contacting Plaintiff's residence persistently woke her baby from its naps.  After being abruptly woken, Plaintiff's child would cry inconsolably and not fall back to sleep.  This, in turn, caused Plaintiff to lose sleep, cry and become increasingly irritable.

52.     As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon.

## X.  JURY TRIAL DEMAND

53.     Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark D. Mailman*
      MARK D. MAILMAN, ESQUIRE
      JOHN SOUMILAS, ESQUIRE
      GEOFFREY H. BASKERVILLE, ESQUIRE
      Attorneys for Plaintiff
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600

DATE: December 7, 2009